# IN THE SUPREME COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| OFFICE OF DISCIPLINARY COUNSEL, | : | No. 2383 Disciplinary Docket No. 3 |
| | : | |
| Petitioner | : | No. 68 DB 2017 |
| | : | |
| v. | : | Attorney Registration No. 56257 |
| | : | |
| PATRICK STEPHEN HEALY, | : | (Allegheny County) |
| | : | |
| Respondent | : | |

## ORDER

**PER CURIAM**

**AND NOW**, this 22nd day of June, 2017 upon consideration of the Recommendation of the Three-Member Panel of the Disciplinary Board, the Joint Petition in Support of Discipline on Consent is granted, and Patrick Stephen Healy is suspended from the Bar of this Commonwealth for a period of four years. The suspension is stayed in its entirety, and Respondent is placed on probation for a period of four years, subject to the following conditions:

1. Respondent shall continue treatment with Larry Sellitto, Ph.D., or another qualified mental healthcare therapist, who is to direct and supervise Respondent's activities therein;

2. Respondent shall cooperate with directions of the therapist supervising his treatment, take medications as prescribed, engage in therapy and counseling sessions as directed, and undergo prescribed random urine toxicology monitoring;

3. Respondent shall cause the therapist supervising his treatment to make written reports directed to the Secretary of the Board on a quarterly basis

for the first two years of the probation and on a semi-annual basis for the balance of probation;

4. The written reports shall include the identity and dosage of medications being currently prescribed, the nature and frequency of the therapy sessions since any prior report, the identity of the health services agency or agent providing the same, and an assessment of Respondent's mental condition at that time in regard to his mental fitness to engage in the practice of law;

5. Respondent shall immediately authorize and direct Dr. Sellitto, or any substitute or successor supervising therapist, to furnish a written report of facts and circumstances to the Secretary of the Board at any time when, in the estimation of the supervising therapist, Respondent's behavior or material failure to conduct himself in cooperation with any aspect of his prescribed treatment regimen indicates that he is, or may be, in jeopardy of shortly becoming mentally unfit to engage in the practice of law;

6. If, for any reason, Respondent severs his relationship with Dr. Sellitto, he shall immediately make a written report to the Secretary of the Board of that fact and the circumstances causing the same, together with the identification and location of another qualified therapist, who has been fully informed of the terms of this probation and has agreed to serve as a successor supervising therapist in accordance with the same;

7. Respondent shall furnish, at any time it may reasonably be requested, his written authorization for any healthcare agency or agent to furnish to the Secretary of the Board complete records of and information as to any

mental health or underlying medical care services which may have been provided to him.

8. At the conclusion of the prescribed period of probation, Respondent shall apply for termination of probation in accordance with Disciplinary Board Rule §89.293(c).

Respondent shall pay costs to the Disciplinary Board, pursuant to Pa.R.D.E. 208(g).